## Elizabeth A. Gray, Respondent, *v.* James C. Gray, Appellant.

The complaint in an action for divorce brought by the wife alleged that the parties were married in this state and that plaintiff resided here. The summons was served in this state and defendant appeared and answered. The answer, after denying the commission of the offenses charged in the complaint, as a separate defense alleged that both parties were, "at all the times mentioned in the complaint," residents of the state of Pennsylvania, and that the courts of this state had no jurisdiction. To this plaintiff demurred as upon its face insufficient. Upon the pleadings and other proof which warranted a finding that the parties, before the commencement of the action, had separated, and that plaintiff was then a resident of this state as defined by the Code of Civil Procedure (§ 1768), an order was granted directing the payment by plaintiff of sums speci-

fied for counsel fee and alimony. *Held,* that the court had power to make the order; that even if the fact of residence in another state was to be deemed settled by the demurrer, the legal effect of the fact presented an issue of law which defendant had no absolute right to have decided upon a motion, and the court has power to compel defendant to furnish plaintiff with means to meet it in the usual way; but that no such effect could be given to the pleadings upon a motion like this, in such an action.

(Argued October 8, 1894; decided October 16, 1894.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made May 14, 1894, which affirmed an order of Special Term awarding alimony and counsel fees to the plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles A. Boston* for appellant. The order of the General Term is appealable to this court. (*Collins* v. *Collins,* 80 N. Y. 1.) The court was without jurisdiction to grant this order. (*Cutler* v. *Wright,* 22 N. Y. 471; *Lorillard* v. *Clyde,* 86 id. 384; *Allen* v. *Patterson,* 7 id. 476; *Prindle* v. *Caruthers,* 15 id. 425; *Angell* v. *Van Schaick,* 132 id. 187; Code Civ. Pro. § 831; *De Meli* v. *De Meli,* 120 N. Y. 485; *Ferrier* v. *Ferrier,* 4 Edw. 296; *Muller* v. *Earl,* 5 J. & S. 388; *Stanton* v. *Swain,* 10 Civ. Pro. Rep. 12; *Bostwick* v. *Menck,* 4 Daly, 68; *Tiffany* v. *Bowerman,* 2 Hun, 643; *Harrison* v. *Harrison,* 20 Ala. 629; *People* v. *Dawdell,* 25 Mich. 247; *Reed* v. *Reed,* 52 id. 117; *Conway* v. *Beazley,* 3 Hagg. Ecc. 639; *Hawey* v. *Farnie,* L. R. [6 P. D.] 35; L. R. [8 App. Cas.] 43; Stewart on Mar. & Div. §§ 201, 218, 221; *Leith* v. *Leith,* 39 N. H. 20; *Barber* v. *Root,* 10 Mass. 260; *Sewall* v. *Sewall,* 122 id. 156; *Reel* v. *Elder,* 62 Penn. St. 208; *Colvin* v. *Reed,* 55 id. 375; *Ditson* v. *Ditson,* 4 R. I. 87; *Pitt* v. *Pitt,* 4 MacQueen H. of L. 627; *Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456; *Dickinson* v. *Dickinson,* 63 Hun, 516; *Peugnet* v. *Phelps,* 48 Barb. 566; *Chamberlain* v. *Chamberlain,* 63 Hun, 96; 2 Bishop on Mar., Div. & Sep. §§ 144, 183; Brown on Jurisdiction, § 77; Lloyd on Div. 35;

Cooley on Const. Law, § 230 ; *Hanover* v. *Turner*, 14 Mass. 224 ; *Sewall* v. *Sewall*, 122 id. 156 ; *Cheever* v. *Wilson*, 9 Wall. 108 ; *Strader* v. *Graham*, 10 How. Pr. 82 ; *Hoffman* v. *Hoffman*, 46 N. Y. 30 ; *People* v. *Baker*, 76 id. 78 ; *Hunt* v. *Hunt*, 72 id. 217 ; *Delafield* v. *Brady*, 108 id. 524 ; *L. S. R. R. Co.* v. *Roach*, 80 id. 339 ; *U. S.* v. *Saunders*, 120 U. S. 126 ; 22 Wall. 492 ; *Badeau* v. *U. S.*, 130 U. S. 439 ; *Plimpton* v. *Bigelow*, 93 N. Y. 592 ; *Coats* v. *Donnell*, 94 id. 178 ; *Vanderpoel* v. *Gorman*, 140 id. 563 ; *Douglass* v. *P. Ins. Co.*, 138 id. 209 ; *Kerr* v. *Kerr*, 41 id. 272.) · The application of the general principles of equity demanded that alimony *pendente lite* and counsel fees should be refused. (*Collins* v. *Collins*, 71 N. Y. 269 ; 80 id. 1 ; *Maxwell* v. *Maxwell*, 28 Hun, 566 ; *Moller* v. *Moller*, 115 N. Y. 466 ; *Lyon* v. *Lyon*, 62 Barb. 138 ; *Monk* v. *Monk*, 7 Robt. 153 ; 2 Bishop on Mar., Div. & Sep. §§ 714, 715 ; 1 Greenl. on Ev. §§ 45, 96, 200 ; *Bokel* v. *Bokel*, 3 Edw. Ch. 376 ; *Kane* v. *Kane*, Id. 389.)

*Frederick H. Man* for respondent. The Supreme Court had jurisdiction of the action. (Code Civ. Pro. §§ 1756, 1780 ; *Robinson* v. *O. S. N. Co.*, 112 N. Y. 315 ; *Brinkley* v. *Brinkley*, 50 id. 184, 201.) The amounts of the alimony and counsel fee allowed were moderate and proper. (*De Llamosas* v. *De Llamosas*, 62 N. Y. 618.)

O'BRIEN, J. The plaintiff in this action seeks to obtain against her husband, the defendant, an absolute divorce on the ground of adultery. The court at Special Term made an order, which has been affirmed on appeal, directing the payment to the plaintiff by the defendant of the sum of $250 counsel fee besides $100 per month alimony for the maintenance of the plaintiff and the two children of the marriage, residing with her in this state, during the pendency of the action.

The only question presented by this appeal is whether the court had the power to make the order. It is alleged in the complaint that the parties were married in this state and that the plaintiff resides here ; that the defendant since the mar-

riage has committed various acts of adultery, with proper
specifications as to time and place. Some of these acts are
charged to have been committed within this state and others
in the state of Pennsylvania. It is not claimed that the com-
plaint is in any respect defective or insufficient. The defend-
ant in his answer, after denying the commission of the offenses
charged, states as a third and separate defense to the whole
complaint that, at the times mentioned in the complaint, both
of the parties were residents of the state of Pennsylvania, and
that the courts of this state have no jurisdiction of the action.
The language in which this defense is framed, referring
as it does to *all the times mentioned in the complaint*, and
the dates there mentioned being that of the marriage and of
the commission of the several acts of adultery charged,
renders the meaning somewhat obscure, but it was doubtless
intended to include the residence of both parties at the time of
the commencement of the action. The plaintiff has demurred
to this separate defense upon the ground that upon its face it
is insufficient in law. The defendant's counsel argues that the
facts stated in the special defense with respect to the residence
of the parties stand admitted upon the record. It appears
from a statement in the order that the pleadings with other
proofs were before the court upon the hearing of the motion
for counsel fees and alimony. The petition and affidavits in
support of the motion would warrant a finding by the court
upon the motion that the parties had separated some time
before the commencement of the action and that the plaintiff
was then a resident of this state as defined by § 1768 of the
Code, unless the admissions of the demurrer were conclusive.
Section 1756 of the Code authorizes an action for divorce
where the parties were married within this state. The general
rule to be derived from principles of universal application is
that the courts of this state have no power to adjudge the
status of parties residing beyond its jurisdiction. It is not
likely that this rule was changed or intended to be changed
by the provisions of the Code. Without deciding the ques-
tion we will assume for the purposes of this appeal that such

is the law.   But it would not follow, we think, from such
concession that the order in question was made without power.
It appears from the papers used upon the application that the
summons was served upon the defendant in this state and
that he has appeared though 'denying the jurisdiction as
above stated.   The court thus obtained jurisdiction of the
defendant's person though it may not of the subject-matter
of the action.   The defendant, upon his own theory, came
into the courts of this state to obtain an adjudication as to the
legal effect upon the action of the residence of the parties in
another state at the time of the commencement of the action.
He presented a question which the court was not bound to
decide in advance of the trial and upon a motion of this char-
acter.   The admissions of the demurrer and the allegations in
the petition and affidavits were in conflict.   The jurisdiction
of the court to grant the plaintiff any relief was a fundamental
question upon which the plaintiff was entitled to a hearing
and to the assistance of counsel quite as much as upon any
other question of fact or law in the case.   If it be assumed
that the defense as to the jurisdiction was good the defendant
might have safely disregarded the action and challenge any
judgment rendered against him as void when attempted to be
enforced at any time or within any jurisdiction.   But he
elected to have a decision upon the question in the courts of
this state, and he was not entitled to that except in the regu-
lar and ordinary course of procedure and upon compliance
with the usual practice with respect to counsel 'fees and ali-
mony.   Even if the fact of residence in another state was to
be deemed settled by the demurrer, still the legal effect of the
fact upon the suit still remained.   That raised an issue of
law which the defendant had no absolute right to have decided
upon a motion, as the court had power to compel him to fur-
nish the plaintiff the necessary means to meet it in the usual
way.   But admissions made by the parties in an action to
obtain a divorce, whether by pleading or otherwise, are not
always binding upon the court or the parties themselves for
all purposes and at every stage of the action.   It is not until

judgment is rendered upon the issue of law and all oppor-
tunity for the party demurring to change position by amend-
ment or withdrawal has passed, that such a pleading upon a
motion like this should be given the effect claimed for it by the
learned counsel for the defendant. The papers used on this
motion disclosed a condition of things that might well induce
the court to hesitate before declining at that stage of the case
to proceed for want of jurisdiction. The plaintiff's petition
and the affidavits in support of it states in positive terms that
she resided in Brooklyn with her mother when the action was
commenced. The fact that she was actually sojourning or
dwelling there at the time is nowhere denied by the numerous
affidavits produced by the defendant. On the contrary, it is
perfectly plain as matter of fact that the plaintiff left Philadel-
phia, where her husband then and still resides, in April, 1893,
some months before this suit was commenced, and that since
that date she has been residing within this state. The point
and meaning of the answer demurred to is that inasmuch as
the residence and domicile of the defendant is in Pennsyl-
vania that also must be the residence and domicile of his wife.
It is no doubt true that, *prima facie,* the domicile of the hus-
band is that of the wife, but it is equally true that in cases
where a separation takes place by reason of domestic difficul-
ties, such as are disclosed by this record, the wife may obtain
a residence in this state which will enable her to maintain the
action. (Code, § 1768.) It appears that numerous papers
were read upon the hearing of the motion upon the question
of residence by both sides without objection, and under such
circumstances the court was not confined to what appeared
from the pleadings, but had the right to consider the other
proofs and to do justice according to what seemed to be the
actual facts of the case. Giving to all the proofs before the
court their proper weight the power to make the order can-
not, I think, be doubted.

It follows that the order should be affirmed, with costs.

All concur, except BARTLETT, J., not voting.

Order affirmed.