McCREERY et al. v. UNITED STATES.

(Circuit Court, S. D. New York. December 9, 1897.)

No. 2,246.

CUSTOMS DUTIES.

    Fabrics composed in chief value of silk woven 22 inches wide, and used for making waists or skirts for women's and children's dresses, and also for sleeves and trimming of dresses, and which were known commercially as silks, *held* to be dutiable under paragraph 302 of the act of August 28, 1894, as manufactures of silk, "or of which silk is the component material of chief value," and not under paragraph 283.

This was an application to review a decision of the board of general appraisers affirming a decision of the collector of the port of New York in regard to the classification for duties under the act of August 28, 1894, of certain fabrics. The general appraisers found that they were composed of silk and worsted, silk being the component material of chief value in all, but wool predominating in quantity in all but one.

Edwin B. Smith, for plaintiffs.

James T. Van Rensselaer, Asst. U. S. Atty.

WHEELER, District Judge. The board of general appraisers reports:

"These fabrics are woven twenty-two inches wide, and they are used for making waists or skirts for women's and children's dresses, and also, in combination costumes, for sleeves and the trimming of dresses. They are commercially known as women's and children's dress goods, or are goods of similar description and character."

They classify the goods as women's and children's dress goods, under paragraph 283, Act Aug. 28, 1894, against a protest that they should be classified under paragraph 302, which covers "all manufactures of silk, or of which silk is the component material of chief value, including those having India rubber as a component material, not specially provided for in this act." The evidence in this court shows that the goods were not commercially known as dress goods, but as silks. If they are not such dress goods, they come exactly under the description in paragraph 302, as goods "of which silk is the component material of chief value." The board did not find the goods were such dress goods, but that they were such, "or are goods of similar description and character." Paragraph 283 does not provide for such goods, or for those of similar description and character, but for such dress goods. They are such goods or not, and they appear to be not. Decision reversed.