## UNITED STATES v. McCREERY et al.

### (Circuit Court of Appeals, Second Circuit. December 7, 1898.)

### No. 20

CUSTOMS DUTIES—CLASSIFICATION—MANUFACTURES OF SILK.

Fabrics in the piece, composed of silk and worsted, of which silk is the component of chief value, which are used in combination costumes for women and children to make sleeves or waists, or for trimming, and which are not commercially known as dress goods, and are not goods of similar description or character, are dutiable under paragraph 302 of the tariff law of 1894, as "manufactures of which silk is the component material of chief value," and not under paragraph 283, as "women's and children's dress goods or goods of similar description or character." [1]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal by the United States from a decision of the circuit court which reversed the decision of the board of general appraisers sustaining the protest of the importers against the classification for duty of certain imported merchandise.

James T. Van Rensselaer, for the United States.

Edwin B. Smith, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. In September, 1894, James McCreery & Co. imported into the port of New York a quantity of dry goods in the piece, composed of silk and worsted, of which silk was the material of chief value, and which were entered as silks. The collector classified them as dry goods, under paragraph 283 of the tariff act of August 28, 1894, which is as follows:

"On women's and children's dress goods, coat-linings, Italian cloth, bunting or goods of similar description or character, and on manufactures composed wholly or in part of wool, worsted, the hair of the camel, goat, alpaca, or other animals, including such as have India-rubber as a component material, and not specially provided for in this act, valued at more than fifty cents per pound, fifty per centum ad valorem." 28 Stat. 530.

Against this classification the importers duly protested upon the ground that the merchandise was dutiable as manufactures of silk, under paragraph 302 of the same act, which is as follows:

"All manufactures of silk, or of which silk is the component material of chief value, including those having India-rubber as a component material, not specially provided for in this act." 28 Stat. 532.

The board of general appraisers sustained the collector, and the circuit court, upon appeal, reversed the decision of the board (87 Fed. 191), whereupon the present appeal was taken to this court. The testimony of one additional witness was used in the circuit court. The board of general appraisers, in the statement of facts, which was

---

[1] For interpretation of commercial and trade terms generally, see note to Dennison Mfg. Co. v. U. S., 18 C. C. A. 545.

signed by a majority of those who heard the cause, found the following facts:

"That said fabrics are composed of silk and worsted, silk being the component material of chief value in all, but wool predominating in quantity in all except one of the items. These fabrics are woven 22 inches wide, and are used for making waists or skirts for women's and children's dresses, and also in combination costumes for sleeves and the trimming of dresses. They are commercially known as women's and children's dress goods, or are goods of similar description and character."

It will be observed that there was no positive finding in regard either to the designation or the similarity of the goods. The finding is in the alternative, "and states neither the one nor the other fact." Cronin v. Crooks, 143 N. Y. 354, 38 N. E. 269. We are of the opinion that the goods were not commercially known as dress goods which are piece goods of wool or worsted or of other material which are so made as to give the general appearance of wool, nor are they of similar description or character, by which is meant of like general appearance, texture, uses, and adaptation to uses. Greenleaf v. Goodrich, 101 U. S. 278. The merchandise was silk in common speech, having no likeness in texture, or appearance, or general characteristics to wool or worsted dress goods, and was not devoted to the same uses. This class of goods is not used to make dresses, but is used in combination costumes to make sleeves or waists or for trimming. A dress could be made from this material, but that was not the use for which it was intended, or to which it is devoted. Being neither dress goods nor of similar description or character, they properly came under paragraph 302, as manufactures of which silk was the component material of chief value. The decision of the circuit court is affirmed.