### BROWN & EADIE v. UNITED STATES.

(Circuit Court, S. D. New York. November 25, 1903.)

#### No. 1,845.

1. CUSTOMS DUTIES—CLASSIFICATION—WATERPROOF CLOTH—CRAVENETTES.

Held, that certain woolen or worsted fabrics known as "Cravenette Cloths," which have been subjected to a process to render them nonabsorbent, are dutiable under Tariff Act October 1, 1890, c. 1244, § 1, Schedule J, par. 369 (26 Stat. 593), as "waterproof cloth," and not under paragraph 392, Schedule K, of said act (26 Stat. 596), as "woolen or worsted cloths," or under paragraph 395, Schedule K, of said act (26 Stat. 597), as "dress goods * * * of wool, worsted," etc.

Appeal by Importers from the Decision of the Board of General Appraisers.

Note G. A. 1986 and 3132.

Albert Comstock, for importers.
D. Frank Lloyd, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The goods in question are woolen or worsted cloths which have been subjected to a secret process in order to render the material nonabsorbent, and are known as "Cravenette Cloths." They were classified for duty under Act Oct. 1, 1890, c. 1244, § 1, Schedule K, par. 392, 26 Stat. 596, as "woolen or worsted cloths not specially provided for," and are claimed by the importer to be entitled to entry under Schedule J, par. 369, 26 Stat. 593, as "Waterproof cloths not specially provided for."

It is suggested by counsel for the United States that, if this cloth is not included under paragraph 392, it is included under paragraph 395 of said act, as dress goods. The answer to this contention is that the board did not so find on the evidence before them; that the evidence taken before this court shows that they are not adapted or intended to make dresses of, because they are woven in widths unsuitable for making dresses, and because the material used in the waterproofing process causes the cloth to attract and hold dust, mak-

ing it inappropriate for use except in wet weather, and unsalable for making dresses. It therefore does not fall within the designation of dress goods, as defined by this court in United States v. McCreery et al., 91 Fed. 115, 33 C. C. A. 398. The cloth after such treatment is waterproof in the sense that it is water repellent, but is not waterproof in the sense of being impervious to water. Ordinary inspection of the cloth itself does not disclose whether it has or has not been subjected to said process. After such treatment, however, as already stated, it has a tendency to accumulate and retain dust, and is only appropriate and adapted for cloaks and other out of door garments, such as are liable to be worn in the rain. The board found, upon a conflict of testimony, that the cloth was woolen cloth and was water repellent, but was not waterproof cloth. But this testimony is indefinite and unsatisfactory, because most of the witnesses had never bought or sold Cravenette Cloth, the samples as to which they were testifying were lost, and they were not cross-examined. The testimony of dealers in Cravenette Cloth, taken before said board, to the effect that the goods are dress goods, and are not the waterproof cloth of commerce, is also to the effect that they were known to the trade and sold as waterproof dress goods, or Cravenette Waterproof Cloths. But the testimony taken in this court is to the effect that the cloth, when new, is practically waterproof, in the sense that it will keep the wearer dry in all ordinary rains, and that the cloth is sold and known in trade and commerce as "waterproof cloth." I think the contention of the importers is sustained by the great weight of evidence.

The decision of the Board of General Appraisers is reversed.