## BARBER v. BARBER.

(Supreme Court, Special Term, Oneida County.   March 5, 1915.)

1. DIVORCE (§ 62*)—JURISDICTION.

The general rule is that a divorce can be granted only in the country or state wherein the status on which it operates has a domicile.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 200–202, 208–216, 220, 282; Dec. Dig. § 62.*]

2. STATUTES (§ 181*)—CONSTRUCTION—PRESUMPTIONS.

To override a general rule, such as that a divorce can be granted only when the status on which it operates is domiciled in the state, a statute must express such an intention with unmistakable clearness.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 259, 263; Dec. Dig. § 181.*]

3. DIVORCE (§ 62*)—JURISDICTION—PLACE OF MARRIAGE—STATUTES.

The mere fact of marriage within the state, irrespective of the residence of the parties, is not sufficient to confer jurisdiction to grant a divorce, under Code Civ. Proc. § 1756, subd. 2, providing that husband or wife may secure a divorce for adultery of the other, where the parties were married within the state.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 200–202, 208–216, 220, 282; Dec. Dig. § 62.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. DIVORCE (§ 62*)—JURISDICTION—PLACE OF CAUSE OF ACTION—DOMICILED PARTIES—STATUTES—"RESIDENT."

Under Code Civ. Proc. § 1756, subds. 3, 4, providing that divorce may be granted husband or wife for the adultery of the other, where the plaintiff was a; resident of this state when the offense was committed and when the action was commenced, or where the offense was committed in this state and the plaintiff was a resident at the commencement of the action, the term "resident" is not satisfied by mere bodily presence of the plaintiff, but requires that he or she be domiciled here; Code Civ. Proc. § 1768, providing that if a married woman "dwells" within the state and commences an action against her husband she is to be deemed a resident, not altering the meaning of the term "resident" in section 1756.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 200–202, 208–216, 220, 282; Dec. Dig. § 62.*

For other definitions, see Words and Phrases, First and Second Series, Resident.]

5. DOMICILE (§ 5*)—DOMICILE OF WIFE.

The domicile of the husband is presumptively that of the wife.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 24–35; Dec. Dig. § 5.*]

6. DIVORCE (§ 326*)—EXTRATERRITORIAL EFFECT.

A divorce on service by publication, defendant not appearing, granted to a wife merely resident in the state, but whose matrimonial domicile was elsewhere, would have no extraterritorial effect, though the courts of the state had jurisdiction under Code Civ. Proc. § 1756, authorizing divorce for adultery under certain condition.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 827–830, 840; Dec. Dig. § 326.*]

Action by Sarah J. Barber against George W. Barber. Complaint dismissed.

P. H. Fitzgerald, of Utica, for plaintiff.

CROUCH, J. Action for a divorce a vinculo. The parties were married in the state of New York. At the time of the commencement of this action and for several years prior thereto plaintiff resided in the state of New York in the sense that she was actually and bodily here. The matrimonial domicile at all times since the marriage has been and now is in the state of Pennsylvania. Defendant is, and all times since the marriage has been, a nonresident of the state of New York, domiciled in the state of Pennsylvania. The offense was committed by defendant in the state of New York while plaintiff was living here; that is, after the time when plaintiff left the matrimonial domicile and returned to the state of New York. The summons herein was served on defendant by publication only, and he has not appeared in the action. The evidence justifies the finding that the offense alleged was committed.

It is contended that the court has jurisdiction for either of the following reasons: (1) Because the parties were married within this state. (2) Because the plaintiff was a resident of this state when the offense was committed, and was a resident thereof when the action was commenced. (3) Because the offense was committed within the state and the injured party—i. e., the plaintiff—when the action was commenced was a resident of this state.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The first contention arises under subdivision 2 of section 1756 of the Code of Civil Procedure. The statutory history of that subdivision follows. The Revised Laws of 1813 provided:

"That it shall and may be lawful in all cases of adultery already committed or hereafter to be committed, by a husband or wife, * * * when the marriage shall have been solemnized or taken place within this state, and the party injured by such adultery shall be an actual resident in this state at the time of the adultery being committed, and at the time of exhibiting the bill, for such injured party, to exhibit a bill in the Court of Chancery," etc. 2 R. L. 197.

In the Revised Statutes the provision was as follows:

"Divorces may be decreed, and marriages may be dissolved, by the Court of Chancery, whenever adultery has been committed by any husband or wife, in either of the following cases: 1. * * * 2. Where the marriage has been solemnized, or has taken place within this state, and the injured party, at the time of the commission of the offense, and at the time of exhibiting the bill of complaint, shall be an actual inhabitant of this state." 2 R. S. p. 144, § 38.

By section 1 of chapter 246 of the Laws of 1862 the second subdivision of section 38 of the Revised Statutes above quoted was amended to read as follows:

"Where the marriage has been solemnized or has taken place within this state, or where the injured party at the time of the commission of the offense and at the time of exhibiting the bill of complaint shall be an actual inhabitant of this state."

In the Throop Code of 1882 (section 1756) the provision is as follows:

"In either of the following cases, a husband or a wife may maintain an action, against the other party to the marriage, to procure a judgment, divorcing the parties and dissolving the marriage, by reason of the defendant's adultery: 1. * * * 2. Where both parties married within this state. 3. Where the plaintiff was a resident of the state, when the offense was committed, and is a resident thereof, when the action is commenced."

While the question as to whether or not the marriage of the parties in this state is sufficient to confer jurisdiction, irrespective of the residence of the parties, is not novel, there is little authority on it. It was argued, but not decided, in Gray v. Gray, 143 N. Y. 354, 357, 38 N. E. 301, 302. The court, by O'Brien, J., says:

"Section 1756 of the Code authorizes an action for divorce where the parties were married within this state. The general rule to be derived from principles of universal application is that the courts of this state have no power to adjudge the status of parties residing beyond its jurisdiction. It is not likely that this rule was changed or intended to be changed by the provisions of the Code. Without deciding the question we will assume for the purposes of this appeal that such is the law."

In Becker v. Becker, 58 App. Div. 375, 69 N. Y. Supp. 75, where the action was to annul a marriage contracted in the state of New York, it was held that the Supreme Court had jurisdiction irrespective of the residence of the parties; and there was an implication arguendo that the same was true in an action for divorce.

[1] It is a well-established rule of general jurisprudence that a divorce can be granted only in the country or state wherein the status on

which it operates has a domicile. People v. Dawell, 25 Mich. at page 254, 12 Am. Rep. 260, is a typical authority on that point. Cases to the same effect are innumerable.

[2, 3] It is true that the Legislature can override that general rule by a statute expressing such intention with unmistakable clearness. And so it is contended here. Whether·the act of 1862, which changed a statute standing on the books for 50 years, was intended to accomplish that result, or whether it was intended merely to make the statute on its face cover the exigency of some particular case, I am not prepared to say. The presumption is against· the construction contended for. In view of that fact, and of the evil results to follow such construction, and particularly because of the language of the Court of Appeals in Gray v. Gray, quoted above, I think the mere fact of marriage within the state, irrespective of the residence of the parties, is not sufficient to confer jurisdiction. Compare section 1763, subd. 2, of the Code of Civil Procedure.

[4, 5] Considering now the second and third points together, there can be no doubt that the court has jurisdiction if plaintiff was a resident of the state when the offense was committed and when the action was commenced, or, because the offense was committed in the state, if she were a resident only when the action was commenced. But the requirement of residence, as that term is used in section 1756 of the Code, is not satisfied by the mere actual and bodily presence of the plaintiff in the state, even for a long period. As there used, residence is synonymous with domicile. Section 1768 of the Code neither adds to nor subtracts from that meaning. De Meli v. De Meli, 120 N. Y. 485, 24 N. E. 996, 17 Am. St. Rep. 652. The domicile of the husband is presumptively that of the wife. Gray v. Gray, 143 N. Y. at page 359, 38 N. E. 301. There is no evidence in the case here to overcome that presumption. The record does not disclose any state of facts which would enable the wife to acquire a separate domicile. See Callahan v. Callahan, 65 Misc: Rep. at page 175, 121 N. Y. Supp. 39, and cases there cited. On none of the grounds, therefore, urged by the plaintiff, has the court jurisdiction.

As the question was not raised at the hearing, it is possible that there is evidence which might be produced to show that plaintiff acquired a domicile in this state within the authorities above referred to. The case will therefore be opened, and plaintiff be given an opportunity to produce proof of such jurisdictional facts.

[6] But, even if she should be successful in that respect, any decree which might be granted in this action would have no extraterritorial force or effect. Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794. It would be the same sort of decree which the courts of this state have steadily and consistently refused to recognize here when granted in a foreign jurisdiction. Should the plaintiff marry again in the state of New York, relying upon such a decree, she would be the wife of one man here; but, once across the state line into Pennsylvania, she would become the wife of another man. The children, if any, born of such second marriage, would be legitimate in New York; but they would become bastards as soon as they went out

of the state and into Pennsylvania. She might still have children by her Pennsylvania husband, who would be legitimate everywhere except in the state of New York, but who would become bastards here. The wretched consequences of such a decree are infinite. In Ransom v. Ransom, 125 App. Div. 915, 109 N. Y. Supp. 1143, Judge Laughlin, in the course of a protest against the continued existence of such possibilities, suggests that it might be competent for the trial court to refuse to grant a decree under such circumstances. But, having made the suggestion, he is at once assailed by a well-founded doubt of its propriety, and adds that:

"It would seem that the Legislature of our own state, at least, should revise the laws with respect to granting divorces, and confine the authority of the courts to cases where jurisdiction can be obtained which will insure the validity of the divorce, not only in the state where granted, but in every other state and territory."

It seems reasonably clear, from the situation disclosed above, arising under subdivision 2 of section 1756 of the Code, that the divorce statute is also in need of overhauling in other respects.