OTTILIE M. MARTENS, Appellant, *v.* HELLMUTH MARTENS, Respondent.

Submitted November 15, 1940; decided December 31, 1940.

*George Stamper* for appellant.

*Louis Jay Brecher, Maurice Frieman* and *Joseph M. Herman* for respondent.

SEARS, J.  In this action for divorce, the defendant has moved under subdivision 5 of rule 107 of the Rules of Civil Practice for the dismissal of the plaintiff's complaint upon the ground that there is an existing final judgment of a court of competent jurisdiction rendered on the merits, determining the same cause of action between the parties. In support of his motion, the defendant annexed to his affidavit a photostatic copy of a translation of what purports to be a judgment of a German court dissolving the marriage between the parties in compliance with the demand of both parties, each having been found guilty of conduct which brought about such dissolution.  The only certificates attached to the document are one by Wilhelm Eggers, a " Sworn Translator and Interpreter residing and practising in the Free and Hanseatic City of Hamburg, Germany," to the effect that the document is a " true translation," and a certificate of the Consul of the United States of America in the city of Hamburg to the effect that Wilhelm Eggers at the date that he made his certificate was a " sworn translator practicing before the Hanseatic courts at Hamburg, Germany, duly commissioned and qualified, to whose official acts faith and credit are due."  Although the copy of the translation of the judgment shows at its foot the names of judges and of a " clerk of records," there is a complete absence of the authentication required by the terms of section 395 of the Civil Practice Act to permit the document to be evidence.  Authentication is as necessary for a document used upon a motion as for one offered as evidence upon a trial.

The papers do not disclose the jurisdiction of the foreign court or the laws of the German Empire relating to dissolution of marriage.  Judgments of courts of foreign countries are received in evidence in our courts when duly authenticated but they differ from judgments of courts of our sister States to which, by constitutional mandate, full faith and credit must be given.  They must not contravene our public policy.  In order to pass upon the question as to whether a judgment of a court of a foreign country is to

be recognized, there must be a disclosure of the jurisdiction of the foreign court of the subject-matter and of the parties. The acts of the parties to the foreign litigation in invoking the jurisdiction must also sometimes be scrutinized. This can best be done at a trial where the court has all the facts before it and can determine under established rules the question of recognition or non-recognition of the judgment of the foreign court. Upon this motion we do not pass upon the question whether the fifth subdivision of rule 107 is applicable to such a case as this where the cause of action for dissolution of the marriage alleged to have been sustained in another court is founded on a different basis of fact than that offered as the grounds of the present suit — in other words, whether on the facts here attempted to be presented the German judgment determined the same cause of action as the one here in litigation between the parties.

The judgment of the Appellate Division should be reversed and the order of the Special Term denying the motion to dismiss the complaint affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgment accordingly.