BERTHA OETTGEN, Plaintiff, v. HERBERT F. OETTGEN, Defendant.

Supreme Court, Special Term, New York County, November 17, 1949.

*James W. Scott* for plaintiff.

*David E. Sallah* for defendant.

GREENBERG, J.  In.this action for separation brought by the wife on grounds of nonsupport and cruel and inhuman treatment, I find that the plaintiff has established her case by a fair preponderance of the credible evidence.  Before, however, a judgment of separation may be awarded her, it is necessary to consider the defense that a decree of divorce granted by a German court in an action between the plaintiff and her former husband is invalid.  The judgment is attacked on the ground that the parties were not domiciled in Germany at the time of the divorce action but were domiciled in this State.

The facts bearing upon this question are as follows:  The plaintiff, a native of Denmark, was on December 22, 1926, married to one Otto J. W. Bartels in Hamburg, Germany.  Bartels was a German national and by reason of the marriage the plaintiff became a German national.  The parties lived together in Germany as husband and wife until on or about December 11, 1928, when they came to the United States under immigration visas.  In 1929 the plaintiff filed a declaration of intention to become a citizen of the United States, but testified in effect that she was undecided whether or not to remain permanently in the United States.  Thereafter the divorce action was commenced between said parties in the Supreme

Court of Hamburg, Germany. Both parties were therein represented by counsel. The testimony was taken in New York, where the parties were at the time. Each of them claimed to be entitled to a divorce against the other. That court, finding that both parties were at fault and that some of the grounds for divorce in favor of the plaintiff herein occurred in Germany, granted the divorce. The decree was received in evidence without objection. No showing was made by the defendant that there was any infirmity in the decree under German law, nor was it claimed that the German court was not competent to grant the relief sought.

We are faced with the question whether that judgment should be recognized in this State, since the parties were in this State when the decree was issued by the German court. Under German law nationals of that country are considered domiciled therein regardless of where they may reside. In any event, on the basis of the evidence it is doubtful that domicile changed under our law (*Rice* v. *Rice,* 134 Conn. 440, affd. 336 U. S. 674).

While it is ordinarily asserted that domicile is essential to a valid divorce decree, analysis of the cases reveals that that is only literally true for the application of the full faith and credit clause of the United States Constitution ( U. S. Const., art. IV, § 1) and, as now limited, it is only true for its impact on ex parte divorce. In other words, it is only true where the question is whether a State is required to accord recognition to the divorce decree of another State of the United States. Thus the United States Supreme Court has recently concluded that where the divorce is not ex parte i.e., the defendant " participates in the proceedings " an attack on the decree for lack of domicile is foreclosed (*Sherrer* v. *Sherrer,* 334 U. S. 343). Our own Court of Appeals came to that conclusion prior to the United States Supreme Court (*Kinnier* v. *Kinnier,* 45 N. Y. 535; *Glaser* v. *Glaser,* 276 N. Y. 296). Also if a State does choose to recognize an out-of-State ex parte divorce, the Supreme Court could not disturb such a ruling whether or not domicile existed in the granting State because in such situation there is no Federal question (cf. *Glaser* v. *Glaser, supra,* p. 301).

When dealing with a divorce granted by a foreign country the full faith and credit clause obviously does not apply and the question is solely one of comity. In such case our Court of Appeals has held that lack of domicile is not necessarily a bar to recognition (*Gould* v. *Gould,* 235 N. Y. 14).. In the cited

case the judgment of divorce recited that the plaintiff was "domiciled at Tarrytown, United States" [*sic*] and that both parties were domiciled in the State of New York (p. 29). The Court of Appeals said: "Under the circumstances of this case, the policy of this State is not offended by the recognition of the judgments of the Courts of France. Even though it be assumed that we are not required because of the absence of domicile to give effect to their judgments, we are not prohibited from doing so where recognition, in conformity to the principle of comity, would not offend our public policy." (P. 29.)

A case which is very similar to the instant case on the facts is *Martens* v. *Martens* (260 App. Div. 30, revd. 284 N. Y. 363). There, too, we have a marriage in Germany, a matrimonial domicile there followed by immigration to the United States, the filing of declarations of intention to become citizens, a divorce action in Germany wherein both parties were represented by counsel but neither was physically present in Germany, and a divorce granted for the fault of both parties. On motion by the defendant in that case for a dismissal of the complaint based upon the German decree, the Appellate Division for this department held that under the doctrine of comity the German decree was entitled to recognition and dismissed the complaint as matter of law. The Court of Appeals reversed on the ground that the German decree in the record was not properly authenticated under section 395 of the Civil Practice Act, an issue not here presented and in the course of its opinion stated that the question whether a decree of this nature should be accorded recognition under the principles of comity could best be resolved on a trial rather than by motion (p. 366). By reason of the reversal the case is not, of course, authority for the proposition that the German decree must be recognized here. It is equally true that the Court of Appeals did not take the position that a decree of the kind at bar must be denied recognition but in effect stated that if no technical objections appeared, the court upon a trial may give recognition to the foreign decree. (See, also, *Hansen* v. *Hansen*, 255 App. Div. 1016.)

There having been a trial of this action, it is my view that our law and public policy are not offended by granting, under the facts of this case, recognition of the decree. We are not here dealing with a "mail order" divorce granted by a country having no relationship to the parties' marital status. Rather, we are dealing with a decree granted by a jurisdiction where

the parties were married and of which they remained nationals. It does not shock the conscience to conclude that people who marry under a certain set of laws may expect to be bound only so long as that set of laws required it.

The proposition is no more· startling than that of a State reserving to itself the right to terminate the existence of a corporation organized under its law even though the corporation does business elsewhere. Nor is dual jurisdiction any novelty in divorce law. Since it has become common to accord a wife the right to have a domicile separate from her husband, it is apparent that both States in which are the respective domiciles of a separated couple have jurisdiction to grant divorce. (*Williams* v. *North Carolina,* 317 U. S. 287.)

Our own statute recognizes that this State may grant a divorce " where the parties were married within this State " (Civ. Prac. Act, § 1147, subd. 2). Some Special Term cases have engrafted on this subdivision of the section a requirement that the parties must be resident here. (*Barber* v. *Barber,* 89 Misc. 519.)

The holding in *Barber* v. *Barber* (*supra*) was based upon a dictum in *Gray* v. *Gray* (143 N. Y. 354, 357) wherein, in discussing this subdivision, it was said " that the courts of this State have no power to adjudge the status of parties residing beyond its jurisdiction." But that statement is no longer true. Ex parte divorces do affect the status of nonresidents where the plaintiff is domiciled in the granting State. (*Williams* v. *North Carolina, supra.*) We also foreclose attack for the lack of domicile of both parties where there was appearance by the defendant and thereby an opportunity to contest the issue. (*Sherrer* v. *Sherrer, supra.*) In any event, the subdivision itself has no requirement of residence and it is significant that under the other three subdivisions in the section residence is by express language required.

The German court was as competent as we are to determine the question of the parties' domicile. Both parties were before that court — they are not before this court — and there having been full opportunity to contest the issue, it would be unseemly for us to reopen the issue here.

Accordingly, I find that the German decree of divorce is entitled to recognition and as a necessary corollary thereof that the marriage between the parties to this action was a valid marriage. The ex parte Mexican divorce thereafter obtained by the defendant herein was of the " mail order "

variety and as such is not entitled to recognition for the reason already stated, viz., that Mexico was at all times a total stranger to the status of the parties.

Judgment is directed for the plaintiff. Settle findings of fact and conclusions of law which shall contain suggestions as to the amount of alimony, and judgment.