JAMES A. ROBB, Plaintiff, *v.* MARIA MARIANI, Defendant.

Supreme Court, Special Term, New York County, November 28, 1950.

*Horace A. Teass* for plaintiff.

*Philip F. Farley* for defendant.

HOFSTADTER, J. The amended complaint alleges four causes of action. The first cause of action is based on section 6 of the Domestic Relations Law and section 1134 of the Civil Practice Act and it is alleged that at the time the plaintiff and the defendant were married the defendant had not obtained a divorce from her previous husband, Ernesto Mariani. The

remaining causes of action are apparently based upon the provisions of section 7 of the Domestic Relations Law and section 1139 of the Civil Practice Act and allege fraud. The second cause of action alleges that the defendant misrepresented her age and represented that she had obtained a divorce from her former husband by reason of his misconduct; the third cause of action alleges that the marriage license was obtained by fraud in reliance upon a document which was a separation decree and not a divorce decree; the fourth cause of action alleges the plaintiff's incompetence at the time of the marriage by reason of alcoholism.

The defendant was born in Vienna, Austria, on February 2, 1884. She was married to Ernesto Mariani in Vienna, Austria, on July 30, 1910. Mariani was born on December 15, 1883, in Muralto, Switzerland, and was at all times and still is domiciled in Piandera, Canton of Tessin, Switzerland, and ever since birth has been continuously a citizen of Switzerland. By her marriage to Mariani, defendant became a Swiss citizen and remained such in 1929. By decree of separation of the Superior Court in Graz, Austria, dated October 24, 1925, which became final on November 12, 1925, defendant and Mariani were legally separated. Mariani and the defendant were *divorced* by decree of the Court of the Canton of Tessin, District of Lugano, Switzerland, dated July 16, 1929. The defendant was a party to this action, was represented by counsel, and contested the same. The defendant first came to the United States in 1928 and at the time of the divorce action in Switzerland had not as yet determined to make her residence here.

The plaintiff and the defendant were married in Jersey City, New Jersey, on November 18, 1937. (On December 28, 1938, the District Court of Vienna, pursuant to new laws which had been introduced in Austria, dissolved the marriage between Mariani and the defendant upon the decree of separation which it had previously issued.) This action was commenced on July 12, 1939.

The divorce in Switzerland, of which a duly authenticated copy was offered in evidence, is a complete defense to the first cause of action. The plaintiff and the defendant in that case were citizens of Switzerland, having legal domicile there, the divorce was not granted upon any grounds repugnant to the public policy of the State of New York, and the Swiss court had jurisdiction over both the marriage *res* and the parties. International comity demands that said decree be recognized and,

in any event, it is not subject to collateral attack at this time and in this action. Our courts have so held.

Exactly in point is *Oettgen* v. *Oettgen* (196 Misc. 937). In that case the wife had brought an action for separation and the husband defended on the ground that a prior divorce procured by the wife in Germany was invalid. The plaintiff previously had married a German national and by reason thereof became a German national herself. They had lived together as husband and wife until 1928 when they both came to the United States under immigration visas. Thereafter a divorce action was commenced between the parties in Hamburg, Germany, in which both were represented by counsel. Both parties, however, at the time were in New York. The court found that both parties were at fault and granted the divorce. Mr. Justice GREENBERG concluded (p. 941): "Accordingly I find that the German decree of divorce is entitled to recognition and as the necessary corollary thereof that the marriage between the parties to this action was a valid marriage."

Judge GREENBERG's illuminating opinion and exhaustive treatment of the applicable cases render unnecessary extended discussion here of the numerous authorities he invoked to sustain his view which I follow here. By them, it is established as controlling principle that domicile cannot be collaterally attacked where the defendant in the foreign proceeding was a party to it; that lack of domicile, in any event, is not a bar to recognition of a foreign divorce if the court had jurisdiction otherwise. And finally, the burden of proving that a marriage to a former spouse is still subsisting or that the foreign court lacked jurisdiction rests upon the plaintiff. He has not sustained that burden.

Nor has he established any fraud, in connection with the marriage, or his incompetence at the time thereof. All four causes of action of the complaint are dismissed and the defendant may have judgment accordingly.

Defendant is entitled to alimony. It is hoped that the parties can agree on the amount thereof — perhaps the same as that awarded *pendente lite*. If not, an order will be made directing a reference to an Official Referee to determine plaintiff's financial resources. Proceed accordingly.