Edgar F. Hazleton, S.
This is a threshold proceeding to determine whether or not the sole contestant in a probate proceeding has the necessary status to contest the Avill of decedent. The sole beneficiary under the paper propounded as the last will and testament of decedent is Saadet Suzan Karabag, who describes herself as the grandniece and adopted daughter of *860 Hasan Topcuoglu. The only apparent contestant herein is one Salih Senev, who alleges that he is a cousin of the late Mr. Topcuoglu. Each of them disputes the status as next of kin of the decedent as alleged by the other.
The present phase of this proceeding concerns only the status of Saadet Suzan Karabag. In a memorandum decision, this court suggested that the nonstatus of Salih Senev might be established by proof of the adoption of Saadet Suzan Karabag. Subsequently a hearing was had at which judicial records of the Republic of Turkey, showing on their face the adoption of Saadet Suzan Karabag, were introduced into evidence. However, the special guardian for an incompetent and unknown persons, in concert with Salih Senev, established that the decedent was validly married at the time of these adoption proceedings. The law of Turkey demands as a prerequisite for an adoption by a married person the consent of his spouse. The judicial records above referred to show that the decedent, although a resident of the United States at the time of the proceedings, described himself as a widower, residing in Turkey. This was a palpable falsehood.
‘ ‘ A judgment affecting- the status of persons, such as a decree confirming or dissolving a marriage, is recognized as valid in every country, unless contrary to the policy of its own law. [Cases cited.] ” (Hilton v. Guyot, 159 U. S. 113,167.) And see Gould v. Gould (235 N. Y. 14), ennuneiating this view as the policy of the State of Hew York. On the other hand, “ Judgments of courts of foreign countries ”, we said in Martens v. Martens (284 N. Y. 363, 365), “differ from judgments of courts of our sister States to which, by constitutional mandate, full faith and credit must be given. They must not contravene our public policy.” Thus, under comity — as contrasted with full faith and credit — our courts have power to deny even prima facie validity to the judgments of foreign countries for policy reasons, despite whatever allegations of jurisdiction may appear on the face of such foreign judgments.o
1‘ Our Legislature has expressly declined, in section 397 of the Civil Practice Act, to declare the ‘ effect ’ of a judgment of a foreign country beyond authorizing our courts to receive such judgment as ‘ evidence ’ under section 395 of the Civil Practice Act — obviously because it recognized that the full faith and credit clause of our Federal Constitution was inapplicable to such judgments. It is therefore clear that the recognition of a foreign country judgment is far less certain, the judgment itself is far more assailable and vulnerable, than sister State judgments, and is subject to a test of policy. There is thus no *861 significant basis for treating sister State and foreign country divorce judgments as identical in legal effect within this State. ’ ’ (Rosenbaum v. Rosenbaum, 309 N. Y. 371, 375-376.)
There is certainly nothing in the statutes of the Republic of Turkey governing adoptions in that country which offends the public policy of this State. Some of the most important portions of them are strikingly similar to provisions contained in article VTI of our Domestic Relations Law. However, it is also a certainty that an adoption procured in this State on the basis of such misrepresentations of material and jurisdictional facts, namely marital status and residence, as made by decedent in the Turkish adoption proceeding, would be a nullity. In this regard at least, the above-described order of adoption is offensive to the public policy of the State of New York.
The court is unable to determine, either from the record before it or from its independent research, that Salih Senev would be estopped from attacking the validity of this adoption, directly or collaterally, in the Republic of Turkey. There is a suggestion (Matter of Brundage, 134 N. Y. S. 2d 703, 711, 712, affd. 285 App. Div. 1185, appeal denied 286 App. Div. 1013 and cases cited therein) that one such as Salih Senev, deriving his status to impeach this adoption order by virtue of his (alleged) relationship to the decedent, might be estopped from attacking the validity of the order.
Be that as it may, I hold that since the Turkish adoption order was the result of a fraud practiced upon the Turkish court, said order, although valid upon its face, can be gone back of and attacked by any interested party in this proceeding. In any event this court does not propose to perpetuate the fraud practiced upon the Turkish court because of a possible procedural nicety. A principle of law should never be sacrificed to a rule. Therefore this court holds itself not bound by the terms of the Turkish adoption order, which it refuses to recognize.
The court will now receive testimony anent the relationship of Salih Senev to the decedent. A date for hearing may be had upon application to the clerk of the court.
Proceed accordingly.