Owen McGivern, J.
In this action for an injunction to restrain the defendant husband from proceeding with an action in the courts of France for a divorce based on a charge of infidelity, the plaintiff wife moves for temporary injunctive relief, and the defendant cross-moves to dismiss the complaint for insufficiency.
From the allegations of the complaint, which for the purposes of the cross motion must be deemed to be true, it appears that the parties (not then or now citizens of the United States) were married in France in the year 1933; that they took up residence in New York in 1940; that it was their custom to visit France periodically, sojourning in a home owned by the defendant, but invariably returning to New York, where the defendant’s principal business has been located for many years. It further appears that in 1954, the plaintiff obtained a judgment of separation against the defendant in this court, subsequent to a *472 separation agreement which survived the decree, providing for alimony payments and for the premiums on a life insurance policy, the beneficiary of which is the plaintiff.
The French action sought to be enjoined is premised on the marriage of the parties in France, upon the alleged residence there of the husband, and upon a purported service of process upon his wife in France. The latter, standing on her New York residence, now asserts that the French residence claimed by the defendant and the purported service of the process on her are both fraudulent.
It is the position of the wife that, unless she appears in the French divorce action fraudulently instituted by her husband, he will obtain a decree therein by default and that decree will not be void on its face, and it will irreparably damage her marital and her property rights, she being an innocent New York resident already possessed of a separation decree issued by our courts.
The defendant husband, in support of his cross motion, places strong reliance upon the case of Rosenbaum v. Rosenbaum (309 N. Y. 371). But, in the considered opinion of this court, that case is not a roadblock to the maintenance of the instant action. Upon the presentation before this court it cannot be said that, if this defendant were to obtain a divorce decree in the French court, such a decree would be a “ complete nullity ”, or that it would not presumptively meet the tests of comity long recognized by the precedents; for the conflicting affidavits and legal memoranda presently before this court present no definite e, agreed-upon declaration of just what are “ the applicable laws ” of France appertaining to the husband’s suit. Further and independent proof of these disputed laws is necessary, and this can best be achieved before a trial court. (Cf. Martens v. Martens, 284 N. Y. 363.) Meanwhile, consideration for the hardship and possible injustice to a New York resident must be accorded more weight than a local court’s natural reluctance to interfere precipitately in the proceedings of a French tribunal. A further temporary stay, pending a fuller exploration of the validity of the French jurisdiction, will work no harm to the husband, who, as a substantial New York businessman, is a resident here for the greater part of every year.
Accordingly, the complaint herein, in the opinion of this court, states a cause of action for injunctive relief, and the cross motion is denied. The plaintiff’s motion for a temporary injunction, pending a final hearing and determination of the action, is granted.
Settle order.