## MATTER OF HUSSEIN

### In Visa Petition Proceedings

### A-20167543

*Decided by Board August 12, 1976*

(1) Where petitioner, a native of Palestine and resident of New York had returned to her home country and had personally appeared before a divorce court of that country where both she and her first husband had been born, where they had been married, and where both their children had been born, there were substantial contacts between the divorcing jurisdiction, the parties, and the marital res.

(2) Service of process on petitioner's first husband was had by publication in accordance with local Islamic law because his whereabouts were unknown. The Islamic law is similar to that of New York (section 316 of the Civil Practice Law and Rules of the State of New York), and under those circumstances the service of process herein met minimal due process requirements.

(3) Under the circumstances, it is concluded that New York courts would extend recognition to the foreign divorce decree secured by petitioner as a matter of comity; the decree is valid for immigration purposes; and the visa petition filed to accord beneficiary preference classification under section 203(a)(2) of the Immigration and Nationality Act is approved.

ON BEHALF OF PETITIONER:    Omar Z. Ghobashy, Esquire
377 Broadway
New York, New York 10013

In a decision dated March 8, 1974, the officer-in-charge in Athens, Greece, denied the visa petition filed by the petitioner in behalf of the beneficiary as her spouse under section 203(a)(2) of the Immigration and Nationality Act. We dismissed the petitioner's appeal from that decision on April 10, 1975. The petitioner has moved to reopen the proceedings. The motion will be granted, and the visa petition will be approved.

The officer-in-charge denied the petition on the ground that, under New York law, a previous marriage of the petitioner had not been dissolved and, as a consequence, her marriage to the beneficiary is invalid.

Briefly, the relevant facts appearing in the record are as follows: The petitioner and the beneficiary are natives of Palestine, born in Bir-Nabala, a village now occupied by Israel. This is the second marriage for the petitioner. She was first married in 1967 by the Shari'a Court in

736

Jerusalem to a man from the same village. She followed her husband to the United States in 1971. They separated a year later. The petitioner has stated under oath that, from the time of the separation, her husband concealed his whereabouts to prevent her from gaining custody of their children and from obtaining financial support from him. The petitioner, after living in New York for three months, returned to Bir-Nabala. Her husband remained in the United States. On August 20, 1973, the petitioner obtained a divorce from the Shari'a court in Jerusalem. She was married to the beneficiary by the same court on January 19, 1974. She now wishes to return to New York with her new husband.

The issue raised in this appeal is whether the divorce obtained by the petitioner from her first husband would be accorded recognition, as a matter of comity, by the State of New York.

We know of no New York decision which is factually identical to the present case. However, as the Court declared in another case involving the recognition of a foreign divorce judgment—

> In the absence of a statutory provision or judicial precedent directly laying down our policy applicable to the circumstances of a particular case, we must look for guidance to the general spirit and purpose of our laws and the trend of our judicial decisions. *De Pena* v. *De Pena*, 298 N.Y.S.2d 188, 191 (Sup. Ct., App. Div. 1969)

From a review of New York decisions, it is evident that, for many years and in appropriate circumstances, New York courts have recognized divorces which foreign nationals residing in New York had secured abroad in accordance with the laws of their native countries. See, *Oettgen* v. *Oettgen*, 94 N.Y.S.2d 168 (Sup. Ct., Spec. Term 1949); *Martens* v. *Martens*, 20 N.Y.S. 206 (Sup. Ct., App. Div. 1940, rev'd on other grounds, 284 N.Y. 363 (1940); *Hansen* v. *Hansen*, 8 N.Y.S.2d 655 (Sup. Ct., App. Div. 1938); *Sorensen* v. *Sorensen*, 220 N.Y.S. 242 (Sup. Ct., App. Div. 1927). Such judgments have been recognized, as a matter of comity, where the foreign jurisdiction had a legitimate interest in the marital status of the parties and where minimal due process standards had been met.

This petitioner had returned to her home country and had personally appeared before a divorce court of that country where both she and her first husband had been born, where they had been married, and where both of their children had been born. Thus, there were substantial contacts between the divorcing jurisdiction and the parties and the marital res.

On the facts of this record, recognition of the divorce would not violate due process requirements or established local policy. On August 20, 1973, a "first sentence of divorce" was issued by the Primary Court of Jerusalem. On August 28, 1973, notice of that judgment was served on the defendant by publication in his village newspaper. Although the

defendant was in the United States, and his whereabouts was unknown to the petitioner, his relatives continue to live in his native village in Palestine. In the English translation of the notice, the sentence is described as "a Judgment given in absence with the right of opposition and appeal".

On September 9, 1973, the petitioner requested confirmation of the judgment from the Highest Court of Appeal in Jerusalem. The issue of proper service on the defendent was reviewed by the appellate court, and the judgment was modified to allow the defendant thirty days from the date of publication in which to challenge the judgment. The defendant did not respond within the time allotted. Thereafter, the appellate court reviewed the lower court's decision on the merits, and affirmed the judgment.

The publication requirements under the applicable Islamic law and under New York law (section 316 of the Civil Practice Law and Rules of the State of New York) in a case in which the defendant's whereabouts is unknown, are quite similar.

We conclude that New York courts would extend recognition to the foreign divorce decree secured by the petitioner, as a matter of comity, and that the decree is valid for immigration purposes.

**ORDER:** The motion to reopen is granted.

*Further order:* The visa petition is approved.

Board Member Irving A. Appleman abstained from consideration of this case.