VERNA WILKENS OTTO, Respondent, *v.* STUART OTTO, Appellant.

First Department, March 18, 1927.

**Husband and wife — divorce — pleadings — under Civil Practice Act plaintiff may serve supplemental complaint setting up acts of adultery since original complaint was served.**

In an action for divorce the court may, under the Civil Practice Act, permit the plaintiff to serve a supplemental complaint setting up acts of adultery on the part of the defendant which occurred after the original complaint was served.

APPEAL by the defendant, Stuart Otto, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of November, 1926, as resettled by an order entered in said clerk's office on the 8th day of December, 1926, granting plaintiff leave to serve a supplemental complaint.

*John Caldwell Myers* of counsel [*Benjamin F. Schreiber,* attorney], for the appellant.

*O. K. King* of counsel [*J. Austin Lyons,* attorney], for the respondent.

MERRELL, J. The action is to obtain a decree of divorce because of the misconduct of the defendant. The summons and complaint herein were served personally upon the defendant on the 19th day of June, 1925. The defendant appeared in the action and answered the complaint. On April 8, 1926, pursuant to an order of the court, the defendant served a supplemental answer containing allegations setting forth a separate and distinct defense to plaintiff's complaint, to which plaintiff duly replied. After the action was at issue, upon affidavits showing that since the commencement of the action, and during the summer of 1926, the defendant was living in adulterous intercourse with another woman at Sea Girt, N. J., and that information thereof came to plaintiff during the summer of that year and long after the service of her complaint, plaintiff applied for and, by the order appealed from, was granted leave to serve a supplemental complaint alleging such acts of adultery by the defendant committed since the commencement of the action. The defendant has appealed from said order and asks a reversal thereof and a denial of plaintiff's motion upon the authority of several decisions of this and other courts, notably, *Faas* v. *Faas* (57 App. Div. 611); *Beauley* v. *Beauley* (199 id. 280); *Milner* v. *Milner* (2 Edw. Ch. 114), and *Campbell* v. *Campbell* (69 App. Div. 435), all, however, made prior to the enactment of the Civil Practice Act. Unquestionably, when such decisions were made it was the policy of the courts of this State, under the practice then in force, to refuse leave to set up, by way of supplemental pleading, adulterous acts alleged to have been committed subsequently to the commencement of the action. In enacting the Civil Practice Act it was clearly the intent of the Legislature to simplify and liberalize the practice in many respects.

We are of the opinion that under the practice, as liberalized by the Civil Practice Act, the Special Term, under the circumstances presented, was justified in granting the order permitting the service of a supplemental complaint setting forth such acts of

misconduct on the part of the defendant, and of which acts the plaintiff was necessarily ignorant at the time of the service of her former complaint. No good reason appears why the plaintiff, if she desires to rely for her cause of action upon acts committed by defendant since the commencement of the action, should be compelled to discontinue and bring a new action where she could allege such subsequent misconduct. Such circumlocution is uncalled for and under the present liberalized practice we regard as unnecessary. The decree should speak as of the time of its rendition.

The order appealed from should be affirmed, with ten dollars costs and disbursements of the appeal to the respondent.

DOWLING, P. J., FINCH, MCAVOY and PROSKAUER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.