Eva Hansen, Plaintiff, *v*. Ernest Hansen, Defendant.

Supreme Court, Trial Term, Nassau County, February 25, 1938.

*Juvenal Marchisio* [*Irving Weinstein* of counsel], for the plaintiff.

*Harry H. Lipsig*, for the defendant.

Cuff, J.   One defense is that the parties were not legally married. A determination of that point will decide this suit.   Plaintiff wife became a resident of New York.   Thereafter she obtained a divorce in accordance with the Danish law, although she did not leave New York.   She appeared before the Danish Consul, stated her grievances and ultimately the decree, known as the " Royal Decree of Divorce," was issued by the Danish King.   The basis upon which the decree was granted was incompatibility.

At the time plaintiff instituted the proceeding and at the time the decree was made her then husband was a resident of Canada. A divorce granted in a State of the United States, wherein the matrimonial domicile has not been established and in which proceeding defendant was not served with process within the divorcing State or has not voluntarily appeared as a party, is not recognized as a valid divorce in this State, because severing the bonds of matrimony under such conditions contravenes the long-established public policy of this State.   (*Hubbard* v. *Hubbard*, 228 N. Y. 81; *Olmstead* v. *Olmstead*, 190 id. 458.)   While full faith and credit is always accorded the orders, judgments and decrees of a foreign jurisdiction by the courts of the State of New York, to recognize

this decree, which lacks every element of jurisdiction, as the law of New York State understands jurisdiction, would do serious and far-reaching violence to the public policy and moral standards of the State of New York.

The Danish government had no jurisdiction of the parties to the proceeding in which the divorce was granted. In the eyes of this State the Danish decree is a nullity. Plaintiff was not eligible to marry when she went through a ceremony with defendant. She is not his wife. She cannot sue for a separation. Judgment for defendant, but without costs.