EVA HANSEN, Appellant, v. ERNST HANSEN, Also Known as ERNEST HANSEN, Respondent.— In an action for a separation, brought by the plaintiff-wife against her husband, the husband was granted a judgment dismissing the complaint upon the ground that there never was any legal marriage between the plaintiff

and defendant. Judgment reversed on the law and the facts and a new trial granted, with costs to the appellant. Prior to the plaintiff's ceremonial marriage to the defendant, she had been married to a third person in Denmark. The plaintiff came to the United States in 1924 on a visit to her sister. When she left Denmark her husband remained in Denmark. Both the plaintiff and her husband were Danish subjects and the only marital domicile they ever had was in Denmark. In 1925 the plaintiff applied to the Danish Consul in New York for a divorce. At that time she believed her husband was still a resident of Denmark. Subsequently, she was informed that he was in Canada. It appears that he joined in the application and, pursuant to the Danish law, a decree of separation was granted by the Minister of Justice. In 1928 a royal decree of divorce completely dissolving the marriage was granted by the King of Denmark. Thereafter the plaintiff married this defendant. The trial court held that the divorce obtained in Denmark was a nullity in this State and, consequently, the subsequent marriage of the plaintiff and defendant in this action was void. The judgment of separation and the royal decree were received in evidence without objection. A presumption of regularity follows their receipt in evidence (*Lazier* v. *Westcott*, 26 N. Y. 146, 153) and the burden was placed on the defendant to show that the Danish court lacked jurisdiction of the parties. This he failed to do. The plaintiff here submitted to the jurisdiction and apparently her husband did also. Even though they were not residents of Denmark at the time the application for divorce was made or at the time it was granted, that country was the situs of the marital domicile and a judgment of the courts of Denmark dissolving the marriage is entitled to full faith and credit by the courts in this State. (*Hubbard* v. *Hubbard*, 228 N. Y. 81, at p. 84; *Johnston* v. *Comp. Gen. Transatlantique*, 242 id. 381; *Atherton* v. *Atherton*, 181 U. S. 185; *Sorensen* v. *Sorensen*, 219 App. Div. 344.) As there is to be a new trial all findings of fact and conclusions of law are reversed. Lazansky, P. J., Davis, Adel, Taylor and Close, JJ., concur. [167 Misc. 155.]