Van Voorhis, J.
(dissenting). Defendant appeals from a judgment, after a separate trial, dismissing his second defense to plaintiff’s complaint in an action for separation. In every action for a separation the primary fact to be proved is an existing marriage between the parties (Fischer v. Fischer, 254 N. Y. 463). The dismissed defense alleges that the marriage was dissolved by a Swiss decree of divorce which became final February 25, 1949. It appears from the opinion at Special Term that this ruling was made largely on the ground that defendant perpetrated a fraud upon the New York State Supreme Court, and that he instituted the divorce action in Switzerland and prosecuted it to judgment in order to plead it as a defense to this action. This defense was also dismissed upon the ground the Swiss court lacked jurisdiction on the theory that the matrimonial domicile did not exist there, for the reason that plaintiff herein did not intend to make Switzerland her permanent abode.
The first of these grounds is clearly not established. The charge of committing fraud upon the New York Supreme Court is based upon defendant’s application to open the judgment for separation which plaintiff obtained against him in this action, by default on May 6, 1948. That was before the Swiss judgment of divorce. Plaintiff’s default judgment was opened by an order entered January 28, 1949. Plaintiff contends that it would not have been opened if in his moving papers defendant had disclosed that he was suing for a divorce in Switzerland which, upon becoming final, would be pleaded as a defense. Whether or not that circumstance was referred to in the moving papers, the interlocutory Swiss decree was recited in the order opening the default. The Swiss decree was not set forth in defendant’s first answer that was interposed on February 2, 1949, after the default had been opened, but apparently it would not have constituted a defense until “ validated, and declared final ” on February 25, 1949. On March 15, 1949, defendant moved for leave to serve a supplemental answer expressly in order, to set up this defense, which motion was granted without opposition; Thereafter he served a supplemental answer alleging that the marriage had been dissolved by the Swiss decree.
Section 245 of the Civil Practice Act states: “ Upon the application of either party, the court may, and in a proper case must, upon such terms'as are just, permit him to make a supplemental complaint, answer or reply alleging material facts which occurred after his former pleading or of which -he was ignorant when it was made, including the judgment or decree of a competent court rendered after the commencement of the action determining the 'matters in controversy, or a- part thereof.” This section indicates that if defendant’s-Swiss divorce were recognized as valid in this State, it would bar the maintenance of this action without regard to defendant’s motive in seeking it, and irrespective of whether the action in Switzerland was commenced before or after this separation action was instituted.
It does not affect the recognition in this State of defendant’s Swiss divorce decree, whether he pleaded it with the permission of the court in a supplemental answer or set it forth in his original answer (see Otto v. Otto, 220 App. Div. *868 130). Plaintiff’s default judgment, having been opened, retained no force nor effect except to keep alive an attachment or receivership of defendant’s property in this State, which was retained in force as a condition of opening the default. In a divorce or separation action, the decree speaks as of the time when it is rendered (Otto v. Otto, 220 App. Div. 130, supra). That refers to the final judgment to be entered after the trial; it does not refer to the time of entry of the vacated default judgment. If it was opened in consequence of defendant’s fraud on the court, plaintiff could have moved upon that ground to set aside the order vacating it, or at least could have raised the issue when defendant moved specifically for leave to serve a supplemental answer interposing this defense. Special Term had power to allow the supplemental answer (Civ. Prac. Act, § 245). Plaintiff did neither, and cannot be heard upon the trial of the merits of the defense to assert that it should not have been allowed to be pleaded at all, or that it should be decided nunc pro tunc upon the state of facts which existed when her vacated default judgment was entered. Neither the order opening plaintiff’s default separation judgment nor the order permitting defendant to allege the Swiss divorce as a defense in a supplemental answer, is before this court for review. No attempt was made to set either order aside collaterally. They have established the law of the case. Even if fraud in the opening of this default could be raised now, there is not evidence in the record to sustain such a charge.
The only remaining question is whether Special Term was correct in dismissing this defense upon the other ground, thus stated in the opinion: “ The court holds that there was not a marital domicile in Zurich because the plaintiff never intended to make it her domicile and that she went there merely for a visit and with the understanding that her marital domicile would be permanently in the United States and that the misrepresentations of the defendant to the Swiss court do not operate to confer on that court jurisdiction of this plaintiff.” (Italics supplied.)
Before the parties married in New York City on October 7, 1946, plaintiff . was a citizen of the United States, but defendant was a Swiss national who had come to the United States on a temporary visa for the purpose of settling the estate of his deceased father, then being administered in the Surrogate’s Court of New York County. It may well be that when they went to Switzerland on January 16, 1947, it was with the expectation of returning to the United States at some future date. In fact, defendant registered on a quota waiting list for that purpose. When plaintiff sailed from Rotterdam on May 31, 1947, on her return trip to the United States, she possibly believed that defendant would follow her when he was able. The rule is, however, that unless a wife is justified in leaving her husband, her domicile follows his (Matter of Daggett, 255 N. Y. 243; Atherton v. Atherton, 181 U. S. 155). The Swiss Civil Code (§ 25) provides that: “A wife is held to have her ‘ husband’s domicile,” and he (§ 160) “chooses the place of abode”, and likewise (§ 161) “The wife acquires the husband’s surname and citizenship.” Subdivision 1 of section 2 of the Civil Practice Act of the Canton of Zurich in evidence, provides: “ The husband’s domicile shall be considered also the wife’s domicile * * ®.” It is undisputed that defendant is a domiciliary of Switzerland, that he decided to stay in Switzerland long before commencing his divorce action there on August 27, 1947, even if at one time he may have hoped to come to the United States, and that he was and is a citizen of Switzerland without a permanent visa to remain in this country. Under such circum *869 stances, it cannot be held and does not appear to have been held by Special Term that his domicile in Switzerland has been sham. Upon his decision to remain in Switzerland, it became her legal duty as a wife to stay with him there or to return to Switzerland unless she had legal grounds to separate from him, or unless they lived separately by mutual agreement.
Admittedly, the full faith and credit clause of the Federal Constitution does not require that the Swiss judgment of divorce should be held to be conclusive in New York State. Its recognition depends upon comity, and the argument is made that, inasmuch as this decree was obtained upon a ground not recognized for divorce in New York State, our public policy requires that it should be ignored, even if the foreign court had jurisdiction to render it. This is the phase of the suit affected by whether both spouses were domiciled in Switzerland, for, if so, the New York courts would not be likely to concern themselves with the ground upon which the divorce was granted (Hubbard v. Hubbard, 228 N. Y. 81). In view of our law that the husband has the right to select the matrimonial domicile, the domicile of the wife is presumed to be that of tier husband unless she leaves him by agreement or for good cause shown (Matter of Daggett, 255 N. Y. 243, supra; Atherton v. Atherton, 181 U. S. 155, supra). Whether this plaintiff was justified in not continuing to live with defendant in Switzerland, or in not returning to live with him there after learning of his resolve to remain domiciled in that country, or whether they separated hy agreement, are issues to be decided upon the trial of the merits of plaintiff's separation action.
New York State has an interest in protecting its own domiciliaries, and if plaintiff were domiciled here, the question would assume importance whether the Swiss judgment should be rejected as not conforming to our public policy. Before Haddock v. Haddock (201 U. S. 562) was overruled by Williams v. North Carolina (317 U. S. 287) it was held that New York State would not recognize divorce decrees in sister States except as compelled to do so by the full faith and credit clause, unless granted upon the ground of adultery (People v. Baker, 76 N. Y. 78, 88; see Hubbard v. Hubbard, supra, pp. 84 — 85, and also for divorce decrees of foreign countries, Gould v. Gould, 235 N. Y. 14; Johnston v. Compagnie Generate Transatlantique, 242 N. Y. 381; Dunstan v. Higgins, 138 N. Y. 70; Sorensen v. Sorensen, 219 App. Div. 344; Hansen v. Hansen, 255 App. Div. 1016; Martens v. Martens, 260 App. Div. 30, revd. 284 N. Y. 363; Hilton v. Guyot, 159 U. S. 113).
The decision in Williams v. North Carolina (supra) has greatly limited the operation of this rule of comity by enlarging the application of the full faith and credit clause of the Federal Constitution to divorce decrees of other States in the Union. The result has been that the New York courts now give force and effect to many divorces granted in other States upon grounds other than adultery. Whether this will result in recognizing divorces granted in foreign countries on grounds other than adultery, where one of the parties is domiciled in New York State, is something which we are not now called upon to decide. Incompatibility was the ground on which the defendant herein obtained this divorce against plaintiff in Switzerland. This is a ground which does not denote fault on the part of the wife, yet this Swiss decree contains no provision for her support. It is safe to say that the New York courts are not prepared to extend recognition under the doctrine of comity to a judgment of a foreign court which purports to dissolve a marriage at the instance of the husband, without fault of the wife and without making any reasonable provision for her maintenance, if she is domiciled in this State.
*870 Inasmuch as the effect to be accorded here to defendants Swiss decree depends upon whether plaintiff was domiciled in New York State or with her husband in Switzerland, in contemplation of law, which, in turn, depends upon whether she was living separately by mutual agreement or for just cause, it was in our view erroneous for the trial court to have passed upon this issue without at the same time determining her justification in living separately, which is the basis for her claim to separate maintenance. Although it may well be that if plaintiff herein succeeds upon the trial of the merits of her separation action, it will automatically determine that she was not a domiciliary of Switzerland and, consequently, that the Swiss divorce decree is not binding in this State, it would be likely to be binding otherwise. If plaintiff fails to establish her right to separate maintenance, then the New York courts may ascribe validity to the Swiss judgment under the doctrine of Hubbard v. Hubbard (228 N. Y. 81, supra) which is to the effect that our courts will not become concerned with divorce decrees of other jurisdictions if neither spouse was domiciled in this State at the time.
In advance of the trial of the separation action there has been a separate trial of the validity of the Swiss divorce, which has resulted in the final judgment appealed from, which determines defendant’s Swiss decree to be invalid in New York State. It has the effect of a declaratory judgment. Unless that judgment is reversed, it will stand as a determination of the marital status of these parties in New York State regardless of the outcome of the merits of the separation action. If plaintiff fails to establish her right to live separately from defendant, then under both New York State law and under Swiss law, her domicile may be construed to be that of her husband in Switzerland, in which event the Swiss decree would be accorded full force and effect in this State (Hubbard v. Hubbard, supra).
The judgment appealed from should be reversed and a new trial ordered, which may weE be combined with the trial of the merits of the action, inasmuch as in any event evidence should be taken concerning plaintiff’s right to establish a separate domicile from that of defendant.
Peck, P. J., Dore and Shientag, JJ., concur in decision; Yan Voorhis, J., dissents and votes to reverse and order a new trial in opinion in which Grlennon, J., concurs.
Judgment affirmed, with costs to the respondent. On aU the facts in this ease the court was not required to accept the Swiss divorce as a bar to the action and was justified in dismissing the defense based upon it. [See post, p. 966.]