## MATTER OF RODRIGUEZ

In Visa Petition Proceedings

A–14925372

*Decided by Board March 21, 1975*

Petitioner was allegedly divorced from her first husband in an *in absentia* proceeding in the Dominican Republic. Neither party was domiciled in the Dominican Republic at the time of the marriage or divorce nor did either appear personally in the divorce proceedings. Under these circumstances, the petitioner's divorce is not entitled to recognition in New York, and the petition to accord beneficiary classification under section 203(a)(2) of the Immigration and Nationality Act was properly denied.

ON BEHALF OF PETITIONER: Pro se.

The lawful permanent resident petitioner applied for preference classification for the beneficiary as her spouse under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated July 25, 1974, the district director denied the petition. The petitioner has appealed from that denial. The appeal will be dismissed.

The record shows that the petitioner, a native and citizen of the Dominican Republic, was married previously in New York to another native and citizen of the Dominican Republic. The petitioner allegedly was divorced from her first husband by mutual consent in the Dominican Republic in June 1972. Neither the petitioner nor her first husband appeared personally in the Dominican action and neither was domiciled in the Dominican Republic at the time of the divorce. The district director concluded that the petitioner's Dominican divorce was not entitled to recognition in New York, the place of celebration of the petitioner's subsequent marriage to the beneficiary.

The question whether New York will recognize the Dominican divorce is one of comity. New York courts will recognize divorce decrees rendered in foreign countries when such recognition does not offend any public policy of New York. *Rosenstiel v. Rosenstiel,* 16 N.Y.2d 64, 209 N.E.2d 709, 262 N.Y.S.2d 86 (1965), cert. denied, 384 U.S. 971 (1966); *Rosenbaum v. Rosenbaum,* 309 N.Y. 371, 130 N.E.2d 902 (1955); *Matter of Moncayo,* 14 I. & N. Dec. 472 (BIA 1973).

In *Rosenstiel v. Rosenstiel,* supra, the court was faced with a situation involving a Mexican divorce obtained by parties who were not

domiciled in Mexico at the time of the divorce. The court held that where one party was physically present within the jurisdiction of the Mexican court, and the other party appeared by attorney and submitted to the jurisdiction of the Mexican court, the Mexican divorce decree was entitled to recognition in New York. See also *Ramm v. Ramm*, 34 App. Div. 2d 667, 310 N.Y.S.2d 111 (1970), aff'd, 28 N.Y.2d 892, 271 N.E.2d 558, 322 N.Y.S.2d 726 (1971).

A Dominican Republic divorce decree allegedly dissolving the marriage of two Dominican citizens who were married in the Dominican consulate in New York was at issue in *De Pena v. De Pena*, 31 App. Div. 2d 415, 298 N.Y.S.2d 188 (1969). Neither party appeared in person in the Dominican action, and process was not personally served on the wife. The court refused to recognize the divorce. In doing so, it pointed out that the wife was a domiciliary of New York, and the husband's only existing contact with the Dominican Republic was his continued Dominican citizenship. The court distinguished *Rosenstiel* on the ground that in *De Pena* there was no physical presence by either party and the Dominican court had not acquired jurisdiction over the wife.

In *Matter of Moncayo*, supra, we had occasion to interpret the policy statements made by the New York courts in *Rosenstiel* and *De Pena*. We held that New York would not recognize an Ecuadorian divorce obtained by an Ecuadorian citizen residing in the United States, where neither party appeared in person before the Ecuadorian court and the beneficiary's first wife was not personally served and did not submit to the jurisdiction of the Ecuadorian court. See also *Matter of Pearson*, 13 I. & N. Dec. 152 (BIA 1969).

The foregoing cases indicate that where jurisdiction of the foreign court is not based on domicile, New York policy generally requires some physical presence on the part of at least one party within the jurisdiction rendering the divorce, combined with some type of appearance or submission to jurisdiction by the other party. In the past we have concluded that there are certain circumstances in which New York would recognize a foreign divorce even where neither party was physically present within the jurisdiction of the foreign court granting the divorce. Such recognition has been extended where the parties involved where nationals of the foreign country rendering the divorce, were married in that country, lived in that country as husband and wife, consented to the jurisdiction of the foreign court, and appeared in the foreign action through their authorized representatives. *Matter of Koehne*, 10 I. & N. Dec. 264 (BIA 1963); cf. *Matter of Ma*, 15 I. & N. Dec. 70 (BIA 1974); *Matter of Kurtin*, 12 I. & N. Dec. 284 (BIA 1967).

In the present case, the petitioner and her first husband were both citizens of the Dominican Republic and they both consented to the jurisdiction of the Dominican court. Nevertheless, neither party was

physically present within the jurisdiction of the Dominican court, and their marriage had taken place in New York, not the Dominican Republic. Under these circumstances, we believe that New York would not find sufficient connection between the Dominican Republic and the parties to recognize the in absentia Dominican divorce.

The district director reached the proper result. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.

Theodore P. Jakaboski, Alternate Board Member, dissents without opinion.