19-1822
*Bolanos Salazar v. Garland*

BIA
Straus, IJ
A208 600 597

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand twenty-three.

PRESENT:

JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
RICHARD J. SULLIVAN,
*Circuit Judges.*

_____

LUIS ALBERTO BOLANOS SALAZAR,

*Petitioner*,

v.                                                                19-1822
                                                                   NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

_____

**FOR PETITIONER:** Gerald R. Nowotny, Latin American Law Center, Canton, CT.

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Stephen Finn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Luis Alberto Bolanos Salazar, a native and citizen of Guatemala, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal.[1] *In re Luis Alberto Bolanos Salazar*, No. A208 600 597 (B.I.A. May 24, 2019), *aff'g* No. A208 600 597 (Immig. Ct. Hartford Nov. 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA largely adopts the IJ's decision, "we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). An agency's factual findings are reviewed under the

---

[1] Salazar does not challenge the agency's denial of relief under the Convention Against Torture.

substantial-evidence standard, and its legal conclusions are reviewed de novo. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

In order to obtain asylum or withholding of removal, an applicant must demonstrate past persecution, or a reasonable fear of future persecution, and establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (deferring to BIA's application of the "one[-]central[-]reason" standard to withholding of removal). A social group is sufficiently cognizable if it is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (quoting *In re M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72–74 (2d Cir. 2007).

We agree with the agency's determination that Salazar did not meet his burden to establish eligibility for asylum and withholding of removal. To begin,

3

Salazar's proposed social group, defined as "Guatemalans with American ties," Certified Admin. Record at 4, is not sufficiently particular, since its contours are vague, ambiguous, and "amorphous." *Paloka*, 762 F.3d at 196. Because determining who has "ties" to the United States necessarily calls for subjective interpretations, there are no "definable boundaries" or "clear benchmark[s] for determining who falls within the group." *Id.*

Similarly, Salazar has failed to demonstrate that his proposed group is socially distinct within Guatemalan society. Indeed, his application offers no documentary evidence that Guatemalan society views "Guatemalans with American ties" as a distinct group. *See In re A–R–C–G–*, 26 I. & N. Dec. 388, 393–94 (B.I.A. 2014) ("To have social distinction, there must be evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." (internal quotation marks omitted)). Moreover, to the extent that Salazar argues that his family was targeted because they were perceived as wealthy, we have previously endorsed the BIA's position that "wealthy Guatemalans" is not a cognizable social group. *See Ucelo-Gomez*, 509 F.3d at 73–74 ("If 'wealth' defined the boundaries of a particular social group, a determination about whether any petitioner fit into the group . . . would

4

necessitate a sociological analysis as to how persons with various assets would have been viewed by others in their country.").

Nor has Salazar established the "requisite nexus" between the harm he suffered and his membership in the proposed group. It is well-settled that there must be evidence that persecutors were motivated to harm the applicant because of the applicant's group membership. *Paloka*, 762 F.3d at 195 ("Whether the requisite nexus exists depends on the views and motives of the persecutor." (internal quotation marks omitted)); *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring "*some* evidence" of motive, "direct or circumstantial"). Salazar testified that, beginning in 2007, his sister received menacing phone calls and text messages demanding money that their parents had sent to them from the United States. Salazar also recounted that later, in 2015, gang members threatened Salazar on his way home from university and made death threats from outside his house. Although Salazar presumed that these incidents were connected to one another and his group membership, he presented no facts to support that presumption. The agency therefore did not err in concluding that the nexus requirement had not been satisfied – a finding that is further supported by the fact that Salazar's sister and grandmother have remained unharmed in Guatemala. *See Melgar de Torres v.*

*Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (noting that a fear of persecution is undermined when similarly situated family members remain unharmed in the native country).

Salazar's only response is that his proposed group is actually based on family membership. But this argument fails for these same reasons. Salazar has shown no connection between the harm he suffered and his family membership because he did not receive extortion demands like his sister, his sister remains unharmed in Guatemala, and he does not allege that she continues to receive threats or extortion demands. *See Elias-Zacarias*, 502 U.S. at 483.

Finally, Salazar contends that the IJ erred by not considering the country conditions in Guatemala. But Salazar did not raise this argument before the BIA and failed to submit any country-conditions evidence to either the IJ or the BIA. Because this argument has not been exhausted, it is not properly before us today. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based."); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122–23 (2d Cir. 2007) (explaining that this court's review is generally limited to issues raised before the BIA).

In sum, the record supports the agency's findings that Salazar failed to

6

establish a cognizable social group comprised of "Guatemalans with American ties," or a nexus between the alleged harm and that group or his family membership. *See Paloka*, 762 F.3d at 196–97; *Ucelo-Gomez*, 509 F.3d at 73. We therefore conclude that Salazar has not stated a claim for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court